# EXHIBIT A-2

FILED
7/23/2021 4:53 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

Case 3:21-cv-02123-E   Document 1-5   Filed 09/06/21   Page 2 of 8   PageID 17

DC-21-09615

CAUSE NO. _____

| | | |
|---|---|---|
| CARLOS FERNANDEZ; | § § § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiff | | 95th |
| VS. | | ____JUDICIAL DISTRICT |
| CRETE CARRIER CORPORATION AND TIMOTHY GLEN MAY | | |
| Defendants | | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Carlos Fernandez respectfully files this, his Original Petition, complaining of actions or omissions by Defendants Crete Carrier Corporation which caused damages to Plaintiff, and in support of his causes of action would show as follows:

### I.
### CASE DISCOVERY CONTROL PLAN

1.1     Pursuant to Texas Rule of Civil Procedure 190, Plaintiff alleges that this case should be conducted under a Level 3 Discovery Control Plan. Plaintiff respectfully requests that the Court set a case management conference at its earliest convenience so that a discovery/docket control order may be entered.

### II.
### PARTIES

2.1     Plaintiff is a resident of Florida.

2.2     Defendant Crete Carrier Corporation ("Crete Carrier") is a foreign for-profit corporation. Crete Carrier may be served by serving its registered agent for service, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201. **Citation is requested.**

2.3     Defendant Timothy Glen May is an individual residing in Texas. He may be served at his residence, 227 Falvey Lane, Cleveland, Texas 77328 or wherever he may be found. **Citation is requested.**

## III.
## JURISDICTION & VENUE

3.1   Venue is proper as to Plaintiff's lawsuit in Dallas County, Texas because all or a substantial part of the acts or omissions giving rise to this lawsuit occurred in Dallas County, Texas, including but not limited to, the motor vehicle crash that forms the basis of this litigation. The causes of action against all Defendants are a part of the same occurrence or series of occurrences. TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.002, 15.005.

3.2   Plaintiff seeks damages of more than $1,000,000.00 for Defendants' negligence and gross negligence in causing the crash and Plaintiff's damages, as required by Rule 47. The amount sought herein exceeds the minimum jurisdictional limits of this Court.

## IV.
## INCIDENT IN QUESTION

4.1   On or about February 28, 2020, at approximately 5:15 p.m., Plaintiff was lawfully parked at the corner of northbound Service Road to Fulghum when Defendant May, in the course and scope of his employment with Defendant Crete Carrier, collided into Plaintiff's vehicle.

4.2   Defendants' acts and/or omissions proximately and directly caused the crash and Plaintiff's damages.

## V.
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

5.1   Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

5.2   Plaintiff would show that at the time of the incident made the basis of this lawsuit, Defendant May was engaged in the course and scope of his employment with Defendant Crete Carrier. Therefore, Defendant Crete Carrier is responsible and liable for the conduct of their employee based on the doctrine of respondent superior.

## VI.
## DEFENDANT CRETE CARRIER CORPORATION
## NEGLIGENCE AND GROSS NEGLIGENCE

6.1     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully set forth herein.

6.2     At all times relevant to the allegations of this Complaint, Defendant Crete Carrier Corporation had a duty to act as a reasonable and prudent employer and/or principal and to use reasonable care in its operations.

6.3     Defendant Crete Corporation breached this duty and committed acts and/or omissions that constitute negligence, and gross negligence as those terms are defined in law, including, but not limited to, the following:

 a. Failure to provide adequate training to its drivers in the operation of their vehicle;
 b. Failure to provide training which met industry standards;
 c. Failure to train its drivers to operate commercial vehicles in accordance with the law, ordinances and regulations of the State of Texas and federal laws, ordinances, and regulations;
 d. Negligent hiring, supervision, retention, training, and entrustment;
 e. Failing to exercise reasonable care in the selection and monitoring of its drivers;
 f. Failing to enforce its safety policies, if any, provided to its drivers;
 g. Failing to develop, train, and enforce industry-standard driver and safety policies;
 h. Failing to comply with federal and state commercial motor carrier rules, regulations, and laws; and
 i. Other acts or omissions that may be discovered.

6.4     Each of the foregoing negligent and grossly-negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of the injuries and Plaintiff's damages that are described below with more particularity.

## VII.
## DEFENDANT TIMOTHY GLEN MAY
## NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE

7.1     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully set forth herein.

7.2     At all times relevant to the allegations of this Petition, Defendant May had

a duty to act as a reasonable and prudent driver and to use reasonable care in the operation of the delivery vehicle.

7.3     Defendant May breached this duty and committed acts and/or omissions that constitute negligence, gross negligence, and negligence per se, as those terms are defined in law, including, but not limited to, the following:

      a. Failing to operate a vehicle in a safe manner;
      b. Failing to remain alert and not paying proper attention;
      c. Failing to keep the vehicle under proper control;
      d. Failing to properly apply his brakes;
      e. Driving while fatigued and/or impaired and/or under the influence;
      f. Driving while distracted;
      g. Careless driving;
      h. Failing to keep a proper lookout;
      i. Failing to stop at a stop sign, which is negligence and negligence per se;
      j. Traveling too fast for the conditions;
      k. Failing to yield the right of way;
      l. Driving recklessly; and,
      m. Other acts or omissions that may be discovered.

7.4     Each of the foregoing negligent and grossly-negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of the injuries and Plaintiff' damages that are described below with more particularity.

## VIII.
## DAMAGES

8.1     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully set forth herein.

8.2     Plaintiff, who survived the crash, sought medical treatment and further incurred medical expenses as a result of the injuries sustained. Plaintiff suffered damages in the past and in the future, including physical pain and suffering, mental anguish, physical impairment, and disfigurement, for which damages are sought. Plaintiff has also suffered economic damages such as loss of earning capacity in the future, medical

treatments, and other economic damages for which he is permitted to recover under the law.

8.3    As a result of Defendants' malice and gross negligence, Plaintiff seeks exemplary damages against Defendants. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and to others. Defendants had actual subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff and of others. Therefore, for such negligence involving extreme risk and conscious indifference of Defendants, Plaintiff seeks exemplary damages in an amount to be determined appropriate by the jury at trial.

## IX.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

9.1    Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

## X.
## REQUEST FOR JURY TRIAL

10.1    Plaintiff requests a jury trial and tenders the appropriate fee.

## XI.
## NOTICE OF USE OF DOCUMENTS PRODUCED

11.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives notice that all documents produced will be used at any pretrial proceeding or at the trial of this case.

## PRAYER

Plaintiff prays that, upon final trial by jury, that he recover judgment of and from Defendants for their actual damages, in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment

interest, costs of suit, exemplary damages, and such other and further relief to which he may show himself to be justly entitled, whether at law or in equity.

By:_____
Stuart R. White
State Bar No. 24075268
stuart@lileswhite.com
Kevin W. Liles
State Bar No. 00798329
kevin@lileswhite.com
Celeste Baltierra
State Bar No. 24095479
celeste@lileswhite.com

**Filing Notifications: Efiling@LilesWhite.com**

**LILES WHITE PLLC**
500 N. Water St., Suite 800
Corpus Christi, TX 78401-0232
Tel:   361.826.0100
Fax:  361.826.0101
*Counsel for Plaintiffs*

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nadine Cantu on behalf of Kevin Liles
Bar No. 798329
nadine@lileswhite.com
Envelope ID: 55665733
Status as of 7/26/2021 3:01 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Celeste Baltierra | 24095479 | efiling@lileswhite.com | 7/23/2021 4:53:32 PM | SENT |